IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>MASSONTI HOMECARE LLC,<br>d/b/a GRISWOLD HOME CARE, and<br>THOMAS CONTI, individually,<br><br>Defendants. | CIVIL ACTION FILE NO. 4:20-cv-988 |

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of section 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

II

Defendant Massonti Homecare LLC, doing business as Griswold Home Care, is a limited liability company with its principal place of business located at 428 McDonough Street, Suite 201, in Saint Charles, Missouri 63301-3486, within the jurisdiction of this Court.

III

Upon information and belief, Defendant Thomas Conti resides at 26 Rock Wind Court in O'Fallon, Missouri 63366-4137, within the jurisdiction of this Court; is owner of Defendant Massonti Homecare LLC; and acts directly or indirectly in the interest of Defendant Massonti Homecare LLC, in relation to its employees.

IV

The activities of Defendants referred to in paragraphs II through III were, and are, related and performed through unified operation or common control for a common business purpose, and have, since March 1, 2017, constituted an enterprise within the meaning of section 3(r) of the Act.

V

Since March 1, 2017, Defendants at all times hereinafter mentioned were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and had an annual gross volume of sales made or business done of not less than $500,000.

VI

Defendants are, and at all times hereinafter mentioned were, employing employees in and about their places of business in domestic service employment, within the meaning of section

2(a) of the Act.  Section 2(a) states in pertinent part, "Congress . . . finds that the employment of persons in domestic service in households affects commerce."  29 U.S.C. § 202(a).  Defendants' employees provide in-home care, including companionship, Alzheimer's, and end-of-life care, for the elderly and infirm.  This work qualifies as domestic service work and, accordingly, the employees at issue were engaged in commerce.

VII

Defendants Massonti Homecare LLC, doing business as Griswold Home Care, and Thomas Conti have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce, in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty hours since March 1, 2017, without compensating said employees for their employment in excess of forty hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VIII

Defendants Massonti Homecare LLC, doing business as Griswold Home Care, and Thomas Conti have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since March 1, 2017, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act, in that the records kept by Defendants  failed to accurately show, among other things, the

hours worked each work day and each workweek, with respect to certain of Defendants' employees.

IX

Defendants Massonti Homecare LLC, doing business as Griswold Home Care, and Thomas Conti have repeatedly violated and are violating the provisions of the Act as alleged in paragraphs VII through VIII above.  A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid minimum wage and overtime compensation due Defendants' employees, is specifically authorized by section 17 of the Act.

IX

As a result of the violations alleged in paragraphs VII, VIII, and IX above, amounts are owing for certain present and former employees for the period from March 1, 2017, to February 28, 2019, including those persons specifically named in Appendix A attached to Plaintiff's complaint.

Inasmuch as the violations are continuing, additional amounts are accruing since February 28, 2019, for certain of these employees and for employees who are presently unknown to Plaintiff in amounts presently unknown to Plaintiff.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act.

Plaintiff further demands judgment of $110,586.65, pursuant to section 16(c) of the Act, against Defendants for the period March 1, 2017, to February 28, 2019, and in such further amounts as the Court may find due after February 28, 2019, together with an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid amounts from the date said unpaid amounts became due, until date of judgment.

        Kate S. O'Scannlain
        Solicitor of Labor

        Christine Z. Heri
        Regional Solicitor

        Evert H. Van Wijk
        Associate Regional Solicitor

        /s/ Traci Martin
        Trial Attorney
        Federal Bar #59796 MO

        2300 Main Street, Suite 1020
        Kansas City, MO 64108
        (816) 285-7260
        (816) 285-7287 (fax)
        martin.traci.e@dol.gov

        *U.S. Department of Labor*
        *Attorneys for Plaintiff Secretary of Labor*

## **APPENDIX A**

1. Adams, Casey
2. Allen, Brenda
3. Allen, Sharron
4. Barksdale, Sidney
5. Black, Lacie
6. Boyce, Felicia
7. Brown, Alberta
8. Brownlee, Stephanie
9. Byrd, Kimberly
10. Camp, Marlas
11. Chatman, Teri
12. Cripe, Bradley
13. Cunningham, Felicia
14. Danback, Patricia
15. Davis, Tenetra
16. DeWalt, Velvet
17. Echols, Brenda
18. Farmer, Tonisha
19. Franklin, Debbi
20. Haley, Sionya
21. Hamilton, Angela
22. Henderson, Allante
23. Hubbard, Rahbosha
24. Jefferson, Lakesha
25. Jefferson, Terri
26. Johnson, Rhonda
27. Jordan, Regina
28. Knuth, Cheryl
29. Latimore, Michelle
30. Lewis, Felicia
31. Mack, Starla
32. McCowan, Lynn
33. Mckinney, Ladonna
34. Miller, Carol
35. Moller, Robin
36. Mosher, Cindy
37. Omondi, Antony
38. Pace, Tina
39. Scruggs, Loretta
40. Sigh, Lakeisha
41. Simonsen, Cheryn

42. Thomure, Kerri
43. Trotter, Ruby
44. Watkins, Sonya
45. Williamson, Elizabeth