UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTY J. WALSH, <br> SECRETARY OF LABOR, <br> U.S. DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> MASSONTI HOMECARE LLC <br> d/b/a GRISWOLD HOME CARE, and <br> THOMAS CONTI, individually, <br><br> Defendants. | No. 4:20-CV-988 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Amended Counterclaim for Declaratory Relief and Memorandum in Support (ECF No. 26)[1] and Defendants' Motion for Judgment on the Pleadings (ECF No. 32). These matters are fully briefed and ready for disposition. For the reasons stated herein, the Court denies both motions without prejudice.

## BACKGROUND

Defendant Massonti Homecare LLC d/b/a Griswold Home Care[2] is a homecare registry service that acts as a broker in referring caregivers to those who need a home caregiver. In September 2017, a Department of Labor (DOL)[3] Wage and Hour Investigator ("Investigator") began investigating Griswold regarding its compliance with FLSA. The investigation focused on

---

[1] The parties are cautioned that a motion and a memorandum in support are two separate filing events. In the future, such combined documents will be stricken.

[2] Hereinafter, Defendants Massonti Homecare LLC d/b/a Griswold Home Care and Thomas Conti are collectively referred to as "Griswold."

[3] The Court refers interchangeably to Plaintiff Secretary of Labor and the Department of Labor as "DOL".

the period between March 1, 2017 to February 28, 2019, and determined that FLSA violations occurred as to 45 of Griswold's registered caregivers (hereinafter, "Caregivers"). In early 2019, the Investigator told Griswold that the DOL's Wage and Hour Division found that Griswold should have classified its caregivers as employees, and owed unpaid overtime wages. The Wage and Hour Division required Griswold to reclassify its caregivers and pay back wages.

On July 27, 2019, the DOL prepared a Summary of Unpaid Wages, outlining its finding that Griswold owes $203,383.09 in back wages to the 45 Caregivers, in a form known as "Form WH-56". Griswold declined signing Form WH-56, refusing to resolve the wage and hour dispute. On November 13, 2019, the Investigator notified Griswold that the final findings were being forwarded to the Solicitor's Office to initiate litigation, ending the agency's investigation.

The DOL brought this action to enjoin Griswold from violating the provisions of Section 15(a)(2) and 15(a)(5) of the FLSA. In the Complaint, the DOL argues that Griswold violated the FLSA by classifying in-home caregivers as independent contractors, instead of employees. (ECF No. 1). The DOL seeks unpaid wages in the amount for $110,586.65 owed to Griswold's Caregivers for March 1, 2017 to February 28, 2019, plus and liquidated damages, as well as a permanent injunction from violating the FLSA. The DOL also seeks damages for "additional amounts . . . accruing since February 28, 2019" for the 45 Caregivers "and for employees who are presently unknown."

Griswold filed a First Amended Answer and Affirmative and Other Defenses to the DOL's Complaint and Counterclaim. ("Amended Counterclaim"; ECF No. 23). In the Amended Counterclaim, Griswold seeks a declaratory judgment that its caregivers are exempt from overtime under the FLSA, 29 U.S.C. § 213(a)(15) (exempting "any employee employed in a domestic service employment to provide companionship services")("Companionship" exemption) and/or 29

U.S.C. § 213(b)(21) (exempting "any employee who is employed in domestic service in a household and who resides in such household")("Live-in" exemption).

## DISCUSSION

I.   **Plaintiff's Motion to Dismiss Amended Counterclaim**

A.   **Legal Standards of Review**[4]

1.   **12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550

---

[4] The Eighth Circuit has not ruled on whether a motion to dismiss for sovereign immunity should be analyzed under Rule 12(b)(1) for lack of subject matter jurisdiction or under 12(b)(6) for failure to state a claim.  *See Walls v. Bd. of Regents of Se. Missouri State Univ.*, No. 1:09CV35RWS, 2009 WL 2170176, at *1 (E.D. Mo. July 20, 2009) (finding that "the issue [of sovereign immunity] is one of subject matter jurisdiction and should be analyzed under Rule 12(b)(1)").  The Court's standard of review in this action does not make a difference because the Court makes its decision based upon the Complaint/Amended Counterclaim and documents necessarily embraced by the Complaint/Amended Counterclaim.  *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012); *Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir.2004) (quotations omitted) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading."). Documents necessarily embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir.2003) (citing *In re Syntex Sec. Litig.,* 95 F.3d 922, 926 (9th Cir.1996)).

U.S. at 555. A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

### 2. 12(b)(1)

Movants under Fed. R. Civ. P. 12(b)(1) may assert either a "facial" or a "factual" attack on a federal court's subject matter jurisdiction. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018); *see also Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (a Rule 12(b)(1) movant may challenge a pleading either "on its face or on the factual truthfulness of its averments"). In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729, n.6 (8th Cir. 1990) (internal citations omitted). A factual attack occurs "when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6 (internal citation omitted); *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018); *Croyle by and through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018); *Knox on Behalf of J.D. v. St. Louis City Sch. Dist.*, No. 4:18-CV-00216-PLC, 2018 WL 6524009, at *1 (E.D. Mo. Dec. 12, 2018).

### B. Discussion

The DOL issued a determination affecting Griswold rights and filed a lawsuit based upon that determination. In the Amended Counterclaim, Griswold argues that the DOL did not properly apply the exemptions provided in the FLSA. Griswold seeks a judgment, pursuant to the

Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, "that Griswold's registry does not employ caregivers who are its employees." Defendants further ask the Court to find that "the caregivers, if employees, are exempt from the FLSA" and "the DOL's 2015 Rule exceeds the scope of its authority and is, therefore, invalid." *See* ECF No. 23.

The DOL contends that Griswold's Amended Counterclaim must be dismissed because the Court lacks subject matter jurisdiction over the claim based upon the doctrine of sovereign immunity.[5] In its request for declaratory relief, Griswold, however, argues that the DOL's determination that caregivers are non-exempt is a final agency determination and reviewable under the Administrative Procedures Act (APA) section 701(a)(2). *See* Amended Counterclaim, ECF No. 23, ¶ 9. The APA contains an explicit waiver of the government's sovereign immunity for declaratory judgment actions. *See Enyeart v. Minnesota*, 408 F. Supp. 2d 797, 805 (D. Minn. 2006), *aff'd*, 218 F. App'x 560 (8th Cir. 2007)("A well-established exception to the principle of sovereign immunity is that suits for injunctive or declaratory relief against the United States government or federal officers are permitted under the [APA]. … The APA is an express waiver of sovereign immunity in suits requesting non-monetary relief."); *Rothe Dev. Corp. v. United States Dep't of Defense,* 194 F.3d 622, 624 (5th Cir. 1999) (recognizing that the APA waives sovereign immunity from non-monetary claims against government agencies); *Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *3 (S.D. Tex. July 12, 2011). Under the

---

[5] The DOL also contends that any facial challenge to the DOL's regulations is barred by the statute of limitations. Griswold's attack on the validity of the 2015 Rule, however, is not "facial." Rather, Griswold challenges the DOL's final determination in this matter, made manifest by the instant enforcement action. *See* Amended Counterclaim, ¶6 ("The DOL communicated its final agency determination that the caregivers are not exempt and are owed back wages to Griswold by telling them that they were in violation of the FLSA, threatening litigation, and calculating back wages the DOL claimed are owed the caregivers which the DOL attached as Exhibit A to the Complaint."). Thus, the Court does not address the DOL's statute of limitations argument because it does not apply in this matter.

APA, an individual is entitled to judicial review of an agency decision if he "suffer[s] [a] legal wrong because of agency action, or [is] adversely affected or aggrieved by agency action within the meaning of a relevant statute ...." 5 U.S.C. § 702. *Gate Guard*, 2011 WL 2784447, at *3. "When ... the relevant administrative agency statutory provisions do not directly provide for judicial review, the APA authorizes judicial review only of 'final agency action.'" *Am. Airlines, Inc. v. Herman,* 176 F.3d 283, 287 (5th Cir. 1999) (citing 5 U.S.C. § 704; *Lujan v. Nat'l Wildlife Federation,* 497 U.S. 871, 882 (1990)). "If there is no 'final agency action,' as required by the controlling statute, a court lacks subject matter jurisdiction." *Id.* (citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir.1994)). Thus, because the only persons given access to the courts under the FLSA are employees and the Secretary of Labor, *see* 29 U.S.C. §§ 215–17, Griswold can establish jurisdiction under the APA if the DOL's decision for which Griswold seeks review is a "final agency action." *Gate Guard*, 2011 WL 2784447, at *3.

Griswold contends that the DOL's determination was a final agency action for which there is no adequate remedy other than judicial review. The Supreme Court has outlined the conditions precedent for a final agency action:

> As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *Hawkes Co. v. U.S. Army Corps of Engineers*, 782 F.3d 994, 999 (8th Cir. 2015). "The core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts,* 505 U.S. 788, 797 (1992); *Gate Guard*, 2011 WL 2784447, at *4.

The Court holds that Griswold's Amended Counterclaim satisfies the minimum pleading requirements for stating a claim and for this Court to have jurisdiction over said claim. The DOL asserts its determination against Griswold is immune from review under APA §701(a)(2), which provides a narrow exception from the APA "to the extent that … agency action is committed to agency discretion by law." 5 U.S.C. §701. This narrow exception, however, applies only to "'those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 370, 202 L. Ed. 2d 269 (2018) (quoting *Lincoln v. Vigil,* 508 U.S. 182, 191 (1993)).

At this early stage of the litigation, the Court holds that the narrow exception under APA §701(a)(2) does not apply based upon the statutory exemptions, 29 U.S.C. §§ 213(a)(15) and 213(a)(21) against which the Court can evaluate the DOL's determination. Here, the Court holds the DOL's determination constituted a final agency action and Griswold had no adequate legal remedy other than a declaratory action. First, the DOL's determination was a final agency action because the DOL concluded its investigation, demanded Griswold classify the caregivers as employees, pay them overtime, maintain accurate payroll records going forward, and pay back wages. In addition, the agency issued the Form WH-56, summarizing unpaid wages owed to caregivers, with wages through February 2019. This post-investigation determination constitutes a final agency action. *See Gate Guard*, 2011 WL 2784447, at *7 ("it is not the DOL's decision to file an enforcement action—but its post-investigation determination that Gate Guard: (1) is in violation of the FLSA; (2) owes more than $6 million in back wages to its gate attendants and service technicians; and (3) must classify and compensate its gate attendants as hourly employees going forward—that is the 'final agency action' challenged here.").

Second, the Court finds that legal consequences will flow from the DOL's determination and precludes Griswold from continuing its business operations as it did previously.  As outlined by Griswold, its immediate legal consequences include: "(1) assessment of back wages and damages for the period of the DOL investigation; (2) continuously accruing back wages and damages based on not treating the caregivers as non-exempt employees in accordance with the DOL's determination; and (3) open-ended exposure to other damages and penalties for willfully operating its business going forward[.]"  (ECF No. 30 at 13); *W. Illinois Home Health Care, Inc. v. Herman*, 150 F.3d 659, 663 (7th Cir. 1998) ("Legal consequences flow from [the DOL's letter determination], both with respect to their obligations to their employees and with respect to their vulnerability to penalties should they disregard the DOL's determination."); *Rhea Lana, Inc. v. Dep't of Lab.*, 824 F.3d 1023, 1032 (D.C. Cir. 2016) ("By rendering [the company] a candidate for civil penalties, the Department's Letter establishes legal consequences and is, accordingly, final agency action."); *cf. Media Gen. Operations Inc. v. Herman*, 152 F. Supp. 2d 1368, 1376 (S.D. Ga. 2001) ("But, as discussed above, where the DOL's review process is complete, the imminent *threat* of an enforcement action may render an issue ripe for review. So the fact that the DOL must bring an enforcement action to 'demand' compliance is not, by itself, dispositive of finality.").

Finally, the Court finds that Griswold has no other adequate legal remedy.  The DOL argues that Griswold has a remedy in defending against the instant enforcement action.  (ECF No. 26 at 10).  Although clearly related, the Court holds that Griswold's defense of in this action is not coextensive with the relief sought in the Amended Counterclaim.  That is, Griswold's declaratory judgment action is the only "adequate remedy" to prevent the harm of ongoing exposure to civil money penalties and additional damages by operating its business as it previously did.  Further, "the DOL has failed to provide any evidence that [Griswold] could have administratively

appealed" the DOL's determination "nor has the DOL even alleged that further administrative proceedings were contemplated." *Gate Guard*, 2011 WL 2784447, *6. Thus, the Court finds that Griswold has no other adequate remedy to seek the relief requested in the Amended Counterclaim.

In sum, the Court holds that it has jurisdiction under the APA to decide Griswold's Amended Counterclaim. The Court finds that the DOL made a final agency determination and Griswold had no adequate remedy at law. As such, the Court denies the DOL's Motion to Dismiss Griswold's Amended Counterclaim.

## II.     Defendants' Motion for Judgment on the Pleadings

### A. Standard of Review

In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Union Ins. Co. v. Scholz*, 473 F. Supp. 3d 978, 981 (D.S.D. 2020). A Rule 12(c) motion requires the Court to view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party. *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. *Ashley Cty.*, 552 F.3d at 665; *Poehl*, 528 F.3d at 1096.

### B. Discussion

As previously stated, DOL sued Griswold, claiming Griswold failed to properly compensate employees working as domestic service employees providing home care services to Griswold's clients. In the Motion for Judgment on the Pleadings, Griswold argues that the Court should determine "as a purely legal issue" that a 2015 DOL Rule, which excluded domestic service

workers employed by a third-party agency from being classified as exempt under the domestic service exemptions, 29 U.S.C. § 213(a)(15), deserves no deference and is not valid. (ECF No. 35 at 3). [6]

To state a cause of action under the FLSA, the DOL must allege: (1) the caregivers were employed by defendant; (2) the work involved interstate activity; and (3) plaintiff performed work for which he was under-compensated. *Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 CEJ, 2014 WL 1344513, at *3 (E.D. Mo. Apr. 4, 2014) (citing *Manning v. Boston Med. Ctr. Corp.*, 725 F .3d 34, 43 (1st Cir. 2013)); *Berry v. Best Transportation, Inc.*, No. 4:16-CV-00473-JAR, 2016 WL 10459782, at *2 (E.D. Mo. Oct. 4, 2016). The Court finds, and it is undisputed, that the DOL sufficiently alleges violations of the FLSA. *Drake v. Steak N Shake Operations, Inc.*, No. 4:14-CV-1535-JAR, 2015 WL 4425979, at *2 (E.D. Mo. July 17, 2015); *Berry*, 2016 WL 10459782, at *2. Paragraph VI of DOL's Complaint states:

> Defendants are, and at all time hereinafter mentioned were, employing employees in and about their places of business in domestic service employment, within the meaning of section 2(a) of the Act. Section 2(a) states in pertinent part, "Congress . . . finds that the employment of persons in domestic service in households affects commerce." 29 U.S.C. §202(a). Defendants' employees provide in-home care, including companionship, Alzheimer's, and end-of-life care, for the elderly and inform. This work qualified as domestic service work and, accordingly, the employees at issue were engaged in commerce.

Griswold argues that these allegations in the Complaint "undisputably meet the elements for these domestic service workers (i.e., the caregivers) to be exempt from the FLSA overtime provisions under the Companionship Exemption." (ECF No. 35 at 3). Griswold, however, claims that a

---

[6] Griswold spends the majority of its briefing regarding whether caregivers are exempt from the 2015 Rule. (ECF Nos. 35, 38). However, the Court does not reach this issue based upon the procedural posture and pleadings in the case.

"plaintiff may effectively plead itself out of court where it is apparent from the pleadings that an affirmative defense applies." (ECF No. 38 at 10) (emphasis removed).

At this stage of the litigation, the Court holds that "[p]laintiff is not obligated to plead facts showing that [the caregivers are not] exempt." *McCullough v. Lennar Corp.,* No. 09CV1808–WQH–NLS, 2009 WL 3805305, at *6 (S.D. Cal. Nov.10, 2009); *see also Stratton v. Farmers Produce Co.,* 134 F.2d 825, 827 (8th Cir. 1943) ("A complaint, seeking to recover under the wage and hour provisions of the Act, is certainly not required to negative the exemptions of the statute in order to state a cause of action."); *Drake*, 2015 WL 4425979, at *2. The Court further finds that it is not yet "apparent" that an affirmative defense applies. That is, the DOL's use of "companionship" in the Complaint does not effectively establish that the relevant caretakers are subject to the Companionship Exemption or to the Live-in Exemption. *See Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 CEJ, 2014 WL 1344513, at *2 (E.D. Mo. Apr. 4, 2014)("[T]he Court is unable to definitely determine whether plaintiff qualifies as a "loader" for MCA exemption purposes. … The determination of whether plaintiff qualifies as a "loader" calls for a fact-based inquiry that is not appropriate in ruling on a motion to dismiss."). Therefore, the Court holds that DOL's Complaint alleges facts sufficient to state a cause of action under the FLSA and does not include facts that establish definitively that the caregivers are exempt. The Court, therefore, denies the Motion for Judgment on the Pleadings without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Amended Counterclaim for Declaratory Relief and Memorandum in Support (ECF No. 26) and Defendants' Motion for Judgment on the Pleadings (ECF No. 32) are **DENIED** without prejudice.

Dated this 29th day of September, 2021.

*Ronnie L. White*
**RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE**